UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV488-3-MU
(3:03CR134-7-MU)

| | |
|---|---|
| P.J. GILYARD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on initial review of Petitioner's Motion to Vacate, Set Aside, Or Correct Sentence under 28 U.S.C. § 2255, filed on November 16, 2007, (Document No. 1.) For the reasons stated herein, the Petitioner's Motion to Vacate will be denied and dismissed.

## I. PROCEDURAL HISTORY

The record reveals that Petitioner, along with others, was indicted in a multi-count indictment by the Grand Jury on July 29, 2003. Petitioner was charged in Count One with conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 and 851; in Count Nine with possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(b)(1)(C) and 851; in Count Ten with possession with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(B) and 851; and in Count Eleven with possession of ammunition by a felon, in violation of 18 U.S.C. § 922(g). (See 3:03cr134, Doc. No. 1.) On July

1

29, 2003 the Government filed an Information pursuant to 21 U.S.C. § 851, notifying Petitioner that the Government would rely on a previous drug felony for purposes of sentencing. The Information was amended on two occasions. The final Information was filed on October 21, 2004 and listed one conviction, Conspiracy to traffic in Cocaine. (See 3:03cr134, Doc. No. 130.)

On March 11, 2005, Petitioner plead, without a plea agreement, to Counts One, Nine and Ten of the Indictment. The Government agreed to dismiss Count Eleven. Magistrate Judge David C. Keesler conducted a Plea and Rule 11 hearing and conditionally accepted Petitioner's plea after finding that the plea was knowingly and voluntarily made and that Petitioner understood the charges, potential penalties and consequences of his plea. (See 3:03cr134, Doc. No. 147.) On November 30, 2006, the undersigned accepted Petitioner's plea and sentenced Petitioner to 188 months imprisonment on Counts One, Nine and Ten, to run concurrently and six years of supervised release to run concurrently. (See 3:03cr134, Doc. No. 214.) Count Eleven was dismissed on the Government's motion. Petitioner did not file an appeal in the Fourth Circuit Court of Appeals. Instead, Petitioner filed the instant Motion to Vacate alleging that the Court imposed an illegal sentence by incorrectly determining that Petitioner's prior conviction for escape from work release was a crime of violence for purposes of the career offender provision of the Sentencing Guidelines.

## II. ANALYSIS

**A.    INITIAL REVIEW AUTHORITY**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. In the event it is determined that the petitioner is not entitled to relief, the

reviewing Court must dismiss the motion.

Following such directive, this Court has reviewed the Petitioner's Motion to Vacate and the pertinent record evidence. As hereafter explained, such review clearly establishes that the Petitioner is not entitled to any relief on his claims.

## B. PETITIONER'S SENTENCING CLAIM IS PROCEDURALLY DEFAULTED

Petitioner claims that the Court imposed an illegal sentence by determining that his prior conviction for escape from work release was a crime of violence for purposes of the career offender provision of the United States Sentencing Guidelines.

Petitioner did not raise this issue on appeal to the Fourth Circuit Court of Appeals. A claim raised for the first time in a § 2255 petition is generally not cognizable in federal courts. United States v. Landrum, 93 F.3d 122, 124 (4th Cir. 1996). "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621-22 (1998) In order to obtain review despite procedural default, Petitioner must demonstrate either "cause" and "prejudice" or actual innocence. Id. at 622. "[C]ause . . . requires a showing of some external impediment preventing counsel from constructing or raising the claim." Murray v. Carrier, 477 U.S. 478, 492 (1986); see also, Turner v. Jabe, 58 F. 3d 924, 927 (4th Cir. 1995). To establish prejudice, Petitioner must show "not merely that the errors in his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." U.S. v. Frady, 456 U.S. 152, 170 (1982); see also, Hunt v. Nuth, 57 F. 3d 1327, 1340 (4th Cir. 1995). Petitioner offers no reason excusing his procedural default for not raising his claim of an erroneous sentence nor does he allege that he is actually innocent. Accordingly, his failure to raise this claim on direct review has resulted in the claim being

procedurally defaulted. Id.

### III.  ORDER

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate (Document No. 1) is denied and dismissed.

**SO ORDERED**.

Signed: November 20, 2007

Graham C. Mullen
United States District Judge