UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:03cr134

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> P.J. GILYARD, ) <br> Respondent. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on Petitioner's "Motion Pursuant to Rule 60(b)(4) The Judgment Is Void: Relief from Judgment Or Order" filed (Doc. No. 279.) For the reasons stated herein, the Petitioner's motion will be denied.

A review of the record reveals that Petitioner, along with others, was indicted in a multi-count indictment by the Grand Jury on July 29, 2003. Petitioner was charged in Count One with conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 and 851; in Count Nine with possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(b)(1)(C) and 851; in Count Ten with possession with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(B) and 851; and in Count Eleven with possession of ammunition by a felon, in violation of 18 U.S.C. § 922(g). (See 3:03cr134, Doc. No. 1.) On July 29, 2003 the Government filed an Information pursuant to 21 U.S.C. § 851, notifying Petitioner that the Government would rely on a previous drug felony for purposes of sentencing. The Information was amended on two occasions. The final Information was filed on October 21, 2004 and listed one conviction, Conspiracy to traffic in Cocaine. (See

1

3:03cr134, Doc. No. 130.)

On March 11, 2005, Petitioner plead, without a plea agreement, to Counts One, Nine and Ten of the Indictment. The Government agreed to dismiss Count Eleven. Magistrate Judge David C. Keesler conducted a Plea and Rule 11 hearing and conditionally accepted Petitioner's plea after finding that the plea was knowingly and voluntarily made and that Petitioner understood the charges, potential penalties and consequences of his plea. (See 3:03cr134, Doc. No. 147.) On November 30, 2006, the undersigned accepted Petitioner's plea and sentenced Petitioner to 188 months imprisonment on Counts One, Nine and Ten, to run concurrently and six years of supervised release to run concurrently. (See 3:03cr134, Doc. No. 214.) Count Eleven was dismissed on the Government's motion. Petitioner did not file an appeal in the Fourth Circuit Court of Appeals. Instead, Petitioner filed a Motion to Vacate alleging that the Court imposed an illegal sentence by incorrectly determining that Petitioner's prior conviction for escape from work release was a crime of violence for purposes of the career offender provision of the Sentencing Guidelines. (Civil Case 3:07cv488; Doc. No. 1.) By Order dated November 20, 2007, the undersigned denied and dismissed Petitioner's Motion to Vacate on initial review. (Id., Doc. No. 2.) On April 20, 2009, Petitioner filed a motion, in his civil case, to grant voluntary dismissal. (Id., Doc. No. 4.) By Order dated April 23, 2009, the undersigned denied Petitioner's motion as moot. (Id., Doc. No. 5.) On April 27, 2009, Petitioner filed a motion for reconsideration essentially arguing that he be permitted to amend his motion to vacate. (Id., Doc. No. 6.) By Order dated April 27, 2009, the undersigned denied the motion because Petitioner's motion to vacate had been denied and dismissed 17 months prior to Petitioner's motion and cautioned that to the extent that Petitioner was trying to file a second motion to vacate, he must first certify his motion with the Fourth Circuit Court of Appeals.

Petitioner filed the instant motion in his criminal case on March 13, 2009. In his motion, Petitioner argues that the District Court erred as a matter of law in sentencing Petitioner in his criminal case because it lacked subject matter jurisdiction to enhance Petitioner's sentence under the career offender provision.

First, Petitioner makes this motion pursuant to Rule 60 of the Federal Rules of Civil Procedure. Since Petitioner filed this motion in his criminal case, Rule 60 of the Federal Rules of Civil Procedure does not apply. Next, even if Rule 60(b) did apply, it requires that motions "be made within a reasonable time." Petitioner was sentenced on November 30, 2006. He did not file an appeal. Three years is clearly more than the reasonable amount of time provided for motions brought pursuant Rule 60(b).

Further, Petitioner's criminal motion appears to be a further attempt to attack his underlying conviction and sentence. In that regard, his motion would be construed as an attempt to file a second § 2255 petition. Such petition must be denied as Petitioner has not sought permission to file a second or successive petition from the Fourth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). United States v. Winestock, 340 F.3d 200 (4th Cir. 2003).

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's "Motion Pursuant to Rule 60(b)(4) the Judgment is Void: Relief From Judgment or Order" is Denied.
**SO ORDERED**.

Signed: September 24, 2009

Graham C. Mullen
United States District Judge